IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RITA REDIKER )
)
v. ) NO. 3-16-0543
) JUDGE CAMPBELL
PEAK 10, INC. )

MEMORANDUM

Pending before the Court is Defendant's Partial Rule 12(b)(6) Motion to Dismiss (Docket No. 7). For the reasons stated herein, Defendant's Motion is GRANTED.

Plaintiff has sued Defendant for employment discrimination and retaliation in violation of, among other things, Title VII and the Tennessee Human Rights Act ("THRA"). Plaintiff was hired by Defendant on April 1, 2013. She filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 27, 2015, and she filed her Complaint in this action on March 8, 2016.

Defendant contends that any of Plaintiff's Title VII claims which arose more than 300 days before June 27, 2015, and any THRA claims which arose more than one year before March 8, 2016, are barred by the applicable statutes of limitations. The Court agrees.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

Plaintiff argues that Defendant cannot ask the Court to dismiss sub-parts of claims or factual averments through a Motion to Dismiss. The Court does not read Defendant's Motion to Dismiss as making such a request. Defendant asks the Court to dismiss certain ones of Plaintiff's claims, those which arose outside the applicable statutes of limitations.

## STATUTES OF LIMITATIONS

. Under Title VII, a plaintiff must bring a charge with the EEOC within 180 days after the allegedly unlawful practice occurred or within 300 days if the plaintiff initiates proceedings with a state or local agency. 42 U.S.C. § 2000e-5(e)(1); *Nichols v. Muskingum College*, 318 F.3d 674, 677-78 (6th Cir. 2003). An action for violation of the THRA must be brought within one year after the alleged discriminatory practice ceases. Tenn. Code Ann. § 4-21-311(d); *Weber v. Moses*, 938 S.W.2d 387, 389-90 (Tenn. 1996).

Therefore, any of Plaintiff's Title VII claims which are based on discrete discriminatory acts occurring more than 300 days before June 27, 2015, and any THRA claims which are based on discrete discriminatory acts occurring more than one year before March 8, 2016, are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE