IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RITA REDIKER            )
                        )
v.                      )   NO. 3:16-0543
                        )
PEAK 10, INC.           )

**O R D E R**

Pending before the Court is a discovery dispute between the parties regarding the propriety and scope of certain third-party subpoenas that Defendant proposes to issue to Plaintiff's previous, subsequent, and current employers. Despite the Court's encouragement, the parties were unable to extra-judicially resolve Plaintiff's objections. At the Court's direction, the parties submitted a Joint Discovery Dispute Statement (Docket No. 32), which, although addresses the issues generally, the Court does not find particularly helpful in specifically analyzing proportionality of discovery in employment discrimination cases following the 2015 amendments to Rule 26.[1]

Ordinarily, a party has no standing to challenge a subpoena issued to a non-party unless the party can claim some personal right or privilege with regard to the documents sought. A party's claim of a proprietary interest in the requested information is enough to confer standing. Thus, Plaintiff may challenge the third-party subpoenas to former employers because they contain her personal employment information. *Rowland v Strayer University Corp.*, No. 3:13-CV-702, 2015 WL 164761 at *2 (E.D. Tenn. Jan. 9, 2015). Additionally whether or not a party has standing to move to quash a third-party subpoena under Rule 45, that party may seek a protective order under Rule 26(c).

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

Under Rule 45, the court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[,] or ... subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3)(A)(iii). While Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena, courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26. *See e.g. Universal Delaware, Inc. v. Comdata Network, Inc.*, 3:10-MC-00104, 2011 WL 1085180, at *2 (M.D. Tenn. Mar. 21, 2011). The same rules of proportionality under Rule 26 would therefore apply in determination of the proper scope of a subpoena under Rule 45.

Generally, the scope of discovery under Rule 26 is broad. The trial court has discretion in determining the proper scope of discovery and to limit discovery when overly broad or unduly burdensome. *Marsden v. Nationwide Biweekly Administration*, No. 3:14-CV-00399, 2016 WL 471364 at *1 (S.D. Ohio Feb. 8, 2016). In determining the proper scope of discovery under Rule 26(b), particularly as revised in 2015, the court must consider proportionality, including specifically but without limitation, "the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Id*. at *2 (internal citations omitted).

### Third-Party Subpoenas to Plaintiff's Former Employers

Here, the Court finds that, as to the temporal scope of the subpoenas, Plaintiff has alleged that she has more than 25 years of sales experience, with at least 21 years focusing specifically on sale of IT services. Other than the proposed subpoena to South Central Bell discussed below, the subpoenas

2

are directed to Plaintiff's previous employers covering that same time period.[2] For that reason, the subpoenas are not overly broad temporally.

However, the Court finds that the breadth of information sought by Defendant is overly broad. Accordingly, Defendant may request all or some combination of: (i) applications for employment prepared by or concerning Plaintiff; (ii) documents regarding any pre-employment interview with Plaintiff; and, (iii) job description for the position or positions held by Plaintiff. Defendant shall not include expander language, such as "any and all" or "including but not limited to" that may lead the recipient of the subpoena to produce documents that exceed the scope permitted by this Court. As to the other information Defendant seeks to obtain (*see* Docket No. 32-1), the Court finds such information is too attenuated to the specific issues in this case. Defendant has not asserted that it terminated Plaintiff for any specific job performance issues. Rather, Defendant admits that it informed Plaintiff she was terminated due to head count. Docket No. 9 at 10, ¶ 80. The Court finds unavailing Defendant's argument that it needs information about Plaintiff's prior job performance, including past performance reviews, in order to refute her allegations that she is more qualified than male colleagues with whom she worked while employed by Defendant. The information that the Court will permit Defendant to obtain by subpoena, as described above, is more directly related to this issue.[3]

The Court finds it appropriate to also permit Defendant to subpoena more narrowly defined information from Plaintiff's former employer, South Central Bell, even though that employment occurred outside the temporal scope otherwise allowed. Because Plaintiff's complaint alleges specific accomplishments, which apparently were during the time she was employed by South Central Bell, Defendant may attempt to obtain by subpoena: (i) documentation of sales results achieved by Plaintiff

---

[2] Specifically, those former employers are: ANS (April 2013-March 2015); Telecom Source International (June 2010-February 2012); Communications Test Design, Inc. (August 2009-June 2010); TS3 Technology, Inc. (February 2009-July 2009); and, Viva Properties (1995-2008).

[3] If Defendant finds something in the subpoenaed information to support its argument that Plaintiff's past performance reviews are important to resolution of the issues in this case, it may renew its request by providing that supporting information.

during her employment with South Central Bell and (ii) documentation of any recognition of Plaintiff during her tenure for sales achievements, either by South Central Bell or otherwise. Defendant shall not include expander language, such as "any and all" or "including but not limited to" that may lead South Central Bell to produce documents that exceed the scope permitted by this Court.

Plaintiff has offered to provide or has provided some of this information. *See* Docket No. 34. Defendant may agree with Plaintiff to accept these produced documents in lieu of proceeding with the third-party subpoenas. The Court certainly encourages Defendant to consider this option. However, the Court is not requiring Defendant to do so, and finds that it is appropriate to permit Defendant to attempt to obtain this information from the described third-party sources. For all of these reasons, Plaintiff's request for a protective order as to subpoenas to former employers is therefore GRANTED IN PART and DENIED IN PART as provided above.

### **Third-Party Subpoenas to Plaintiff's Subsequent, Current and Potential Employers**

Regarding subsequent job applications for jobs that Plaintiff either did not pursue or for which she was not hired, the Court finds that such discovery would place an unnecessary burden on third parties with almost no connection to this lawsuit. Certainly, for potential, but never actual, employers, there would not even be a relationship with Plaintiff. Additionally, the prospect that Plaintiff may have admitted something in some potential job application that was against her interest is, without more, too speculative and too remote from the specific issues in this case. For these reasons, the Court GRANTS Plaintiff's request for a protective order as to potential employers.[4]

Plaintiff has stated that she is not seeking back pay from Defendant for the period of her current employment, and, for that reason, the Court finds that there is no mitigation of damages issue, and no

---

[4] To be clear, Defendant may however request from Plaintiff copies of applications she made to potential employers, and may question her about that kind of information. If Defendant becomes aware of additional information that implicate admissions by Plaintiff, it may request that the Court revisit this issue.

4

basis for Defendant to obtain Plaintiff's subsequent payroll information. While Plaintiff's current salary might be relevant to other damages, the Court finds that Plaintiff provided her first two pay stubs from her current employer (see Docket No. 34-18), which sufficiently address the purposes for which Defendant sought that information.[5] Plaintiff's request for a protective order as to her current compensation is therefore GRANTED.

Additionally, the Court finds that the potential for some negative impact to Plaintiff outweighs any basis supporting discovery directly from Plaintiff's current employer. As stated above, Plaintiff's job performance is not an issue in this case, and the quality of her work with her current employer is therefore not discoverable. With respect to other information about Plaintiff's current employer, it appears that some or all of the requested information was provided by Plaintiff. *See* Docket No. 34-14 through 34-18. While the Court acknowledges Defendant's desire to verify whether Plaintiff's representations about information to her current employer are accurate and true, given the volume of information provided by Plaintiff and the format in which it was provided, the Defendant's arguments that there is some need to test the veracity of the information are a tough sell, particularly when balancing proportionality. Nevertheless, at least for now, the Court will direct that in lieu of a third-party subpoena to her current employer, Plaintiff may obtain from her current employer copies of the documents found at Docket No. 34-14 through 34-17 (or whatever other format that same information may be maintained by her current employer), accompanied by a statement of the custodian of the records attesting to the accuracy of the copies as business records. If Plaintiff is unable to easily and economically obtain copies with an accompanying statement of a records custodian, she may request that the Court revisit this issue. The parties may also agree to some other procedure that satisfies Defendant that the documents produced are accurate copies of records maintained by Plaintiff's current

---

[5] It is not clear whether Plaintiff has had more than one employer since her termination by Defendant, but it appears that Plaintiff's only subsequent employer is her current employer, IBM. Absent some other clarification, the Court therefore finds that there is no other subsequent employer information that needs to be addressed in this Order.

5

employer. Plaintiff's request for a protective order as to a third-party subpoena to her current employer is therefore GRANTED as provided herein.[6]

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[6] The Court is unable to discern from the parties' Joint Discovery Dispute Statement whether Defendant seeks to subpoena information from WiTT, a trade or professional organization of which Plaintiff is a member. If so, the Court cannot conclude from the information provided by the parties that such a subpoena is appropriate. Plaintiff's request for a protective order as to WiTT, if still at issue, is therefore GRANTED.