IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RITA REDIKER            )
                        )
v.                      )   NO. 3:16-0543
                        )
PEAK 10, INC.           )

**O R D E R**

A telephonic case management conference was held on September 22, 2016. Counsel participating were: Kathleen Pohlid[1] and Jonathan Bobbitt for Plaintiff and Mark Stamelos and Allison Cotton for Defendant.

By separate order, this case is referred for a judicial settlement conference. Additionally, the Initial Case Management Order (Docket No. 10) is modified to include the following provision:

**Requests to Seal Documents or Portions of Documents:** Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically

---

[1] Ms. Pohlid has since been permitted to withdraw as counsel for Plaintiff. *See* Order at Docket No. 48.

enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

In furtherance of these standards for sealing of documents, the parties shall review the documents previously sealed in this case, and by no later than **March 10, 2017**, the parties shall file a joint report, which identifies each document placed under seal and for each such document provides the factual and legal bases for the document to remain under seal, including without limitation whether filing of a redacted version of the document is feasible. Failure to file a joint report by this date will result in an order unsealing all of the documents previously placed under seal without further notice.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge